UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANYELLE MICHELLE DANIEL,

    Plaintiff,

v.                                        CASE NO. 3:13-cv-875-J-34JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court following the Court's December 16, 2013 Order (Doc. 6). For the reasons set forth herein, the undersigned respectfully recommends that the case be **DISMISSED without prejudice**.[2]

On November 27, 2013, the Court entered an Order "directing Plaintiff to advise the Court as to the status of service of process on or before December 6, 2013, in light of Plaintiff's failure to file proof of service to date." (Doc. 5.) By December 16, Plaintiff had not filed proof that she had perfected service of process

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

[2] The undersigned is aware that the statute of limitations may bar Plaintiff from refiling this action even though dismissal without prejudice is recommended. Plaintiff was previously warned about this. (Doc. 6 at 1 n.1.)

on Defendant.  On that same day, the Court ordered Plaintiff to show cause "why this case should not be recommended for dismissal for failure to perfect service timely pursuant to Fed. R. Civ. P. 4(m) and/or for failure to prosecute pursuant to Local Rule 3.10(a)." (Doc. 6 at 1-2.)  The Court gave Plaintiff until December 27, 2013 to do so.  In addition, the Court warned Plaintiff that "any dismissal would likely be in effect with prejudice if a statute of limitations bars Plaintiff from refiling the case." (*Id.* at 1 n.1.)  To date, Plaintiff has neither filed proof of service on Defendant nor otherwise responded to the Court's orders.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When Plaintiff failed to file proof of service on Defendant within 120 days after filing the complaint, the Court provided notice to Plaintiff in the December 16th Order that Plaintiff's case would be recommended for dismissal if Plaintiff did not show cause for this failure by December 27, 2013.  (Doc. 6 at 1-2.)  Because Plaintiff has not responded and shown good cause for her failure to file proof of service on Defendant to date, the undersigned recommends dismissal of the case pursuant to Federal Rule 4(m).

Moreover, Rule 3.10(a) of the Local Rules of the United States District Court

for the Middle District of Florida provides:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

Plaintiff's lack of prosecution in the case prompted the undersigned to enter the December 16th Order requiring Plaintiff to show cause why the case should not be recommended for dismissal for failure to prosecute. (Doc. 6 at 1-2.) Because Plaintiff has not responded and shown satisfactory cause for this failure to date, the undersigned recommends dismissal of the case pursuant to Local Rule 3.10(a) as well.

For all of the aforementioned reasons, the undersigned recommends that the case be dismissed without prejudice for Plaintiff's failure to perfect service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, and for failure to prosecute pursuant to Rule 3.10(a) of the Local Rules of the United States District Court for the Middle District of Florida.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The case be **DISMISSED without prejudice**.

2. The Clerk of the Court be directed to terminate any motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on January 7, 2014.

_/s/ Joel B. Toomey_
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record